IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MESHA D. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02303-JPM-cgc |
| v. ) | |
| ) | |
| LAUDERDALE COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

**AND**

**ORDER GRANTING MOTION TO DISMISS**

The cause is before the Court on the Report and Recommendation of United States Magistrate Judge Charmaine G. Claxton. (ECF No. 19.) In the Report and Recommendation, Judge Claxton recommends that Defendant Lauderdale County Sheriff's Department's Motion to Dismiss (ECF No. 14) be granted for two reasons: first, because Plaintiff Mesha Taylor's complaint does not allege that she filed her complaint within ninety days of receiving the EEOC Notice of Right to Sue and, second, because Taylor did not timely file either the required filing fee or an application to proceed *in forma pauperis*. (ECF No. 19 at PageIDs 66-67.) For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART and Defendant Lauderdale County Sheriff's Department's motion to dismiss is GRANTED.

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In the instant case, Taylor's objection was filed on March 21, 2018, which appears to be timely under Federal Rule of Civil Procedure 6(d) (Taylor has corresponded by mail). When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Regarding the filing fee, Judge Claxton recommends dismissing Taylor's claims because Taylor's "*in forma pauperis* request was not timely filed along with her Complaint to satisfy 42 U.S.C. § 200e-5(f)(1)." (ECF No. 19-1 at PageID 66.) Judge Claxton also found that Taylor "has not raised any grounds for waiver, estoppel, or equitable tolling." (Id.) Taylor objects that her application to proceed *in forma pauperis* should be considered to relate back to the date her complaint was filed. (ECF No. 20 at PageID 71 (citing 1 Moore's Federal Practice § 3.3[2]).) Taylor also objects that she "did not raise any grounds for waiver, estopple, [sic] or equitable tolling seeing that this is the first time Plaintiff knew that her IFP was untimely filed seeing that it was granted. Other wise [sic] Plaintiff would have raise[d] grounds for waiver, estopple, [sic] or equitable tolling." (Id.)

The objections do not undermine the Report and Recommendation, for two reasons. First, Taylor's appeal to authority is misplaced. She relies on Moore's Federal Practice (a collection of decisions and opinions that, while useful as a general reference, has no binding authority on any court), as well as decisions from the Eleventh and Third Circuit Courts of

Appeals. (ECF No. 20 at PageID 71.)[1] This Court is not, however, within either of those Circuits and therefore is not bound by their decisions; it is within the Sixth Circuit. Judge Claxton's Report and Recommendation correctly relies upon Truitt v. County of Wayne, 148 F.3d 644, 647-48 (6th Cir. 1998) to conclude that the filing of a complaint alone is insufficient to establish a filing date. Id. at 647 ("Truitt argues that the delivery of her complaint to the district court constituted constructive filing of the complaint, regardless of when she paid the filing fee. We disagree."). The Truitt panel further observed that the ninety-day time period to act on a right-to-sue is tolled during the pendency of an IFP application. Id. at 647-48. In the instant case, however, Taylor did not file her IFP application until May 31, 2017. (ECF No. 6.) Therefore, even if Taylor's complaint was timely filed, her IFP application was not.

Second, Taylor's objection does not allege any facts or circumstances upon which this Court could conclude that waiver, estoppel, or equitable tolling might possibly apply. She claims that she "would have raise[d] grounds" for those conclusions if she had known that she needed to. (ECF No. 20 at PageID 71.) But even after Judge Claxton's Report and Recommendation alerted her to the need to raise those grounds to avoid having her claims dismissed, Taylor has not taken the necessary next step of stating facts or circumstances that would allow the Court to conclude that waiver, estoppel, and/or equitable tolling apply in the instant case. Based on Taylor's objection, the Court finds that none of these principles apply and that she failed to file either the civil filing fee or an IFP application within the statute of

---

[1] On the subsequent page, Taylor also cites Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629-30 (6th Cir. 2009). That case does not discuss relation back of later-filed applications to proceed *in forma pauperis* or filing fees, but instead discusses the impact of Ashcroft v. Iqbal, 556 U.S. 662 (2009) on pleading requirements. It has no bearing on the Report and Recommendation's reasons for dismissal.

limitations. The Court ADOPTS the Report and Recommendation as to this issue.[2]

Defendant's motion to dismiss is GRANTED.

**SO ORDERED**, this 23rd day of March, 2018.

                                                /s/ Jon P. McCalla
                                                JON P. McCALLA
                                                UNITED STATES DISTRICT JUDGE

---

[2] The Court needs not determine whether the complaint itself was timely filed in order to reach this outcome.